# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL J. GRAVES, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:14CV398 |
| WELLS FARGO BANK, N.A., | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Letter Motion (Docket Entry 12) and Motion to Extend Time to Respond (Docket Entry 13), which belatedly seek extensions of time for Plaintiff to respond to Defendant's Motion to Dismiss (Docket Entry 9). (See Docket Entries dated July 25 & 28, 2014.) For the reasons that follow, the Court will deny Plaintiff's instant Motions; however, because Plaintiff technically proceeded without counsel in this Court at the time of the filing of Defendant's Motion to Dismiss, the Court will direct the Clerk to send Plaintiff a Notice advising him that he has until August 25, 2014, to file a pro se response to Defendant's Motion to Dismiss.

### BACKGROUND

Defendant removed this case to this Court on May 15, 2014. (Docket Entry 1.) In doing so, Defendant served the removal documents by mail directed to Bryan Ray (the attorney who filed the

Complaint on Plaintiff's behalf in state court (see Docket Entry 2 at 8)). (See Docket Entry 1 at 5.) On May 20, 2014, Defendant moved for an extension of time to answer or otherwise respond to Plaintiff's Complaint. (Docket Entry 6.) In that filing, counsel for Defendant represented that "[c]ounsel for Plaintiff ha[d] indicated that he consent[ed] to th[at] extension of time." (Id. at 1.) By letter dated May 27, 2014, the Court informed Attorney Ray that he "must register as an e-filer within 30 days." (Docket Entry 8 at 1.) Said letter identified resources of the Court (electronic and human) that Attorney Ray could consult if he had any questions. (See id.)

On June 12, 2014, Defendant moved to dismiss Plaintiff's Complaint. (Docket Entry 9.) Defendant served that motion on Attorney Ray by mail. (See id. at 4.) Plaintiff had until July 7, 2014, to respond. See M.D.N.C. LR7.3(f) (allowing 21 days to respond to motions other than for summary judgment); Fed. R. Civ. P. 6(d) (adding three days to response period when service of motion occurs via mail). On July 16, 2014, after Plaintiff did not timely file any response (see Docket Entries dated June 12, 2014, to July 16, 2014), the Clerk mailed a letter to Attorney Ray noting the consequence of that failure, i.e., that, pursuant to Local Rule 7.3(k), the Court would consider Defendant's Motion to Dismiss unopposed. (Docket Entry 11 at 1.) Said letter further informed Attorney Ray that, if Plaintiff in fact opposed dismissal "and

2

excusable neglect can be shown for having failed to respond, [the Clerk] will submit the explanation and proposed response to the Court." (Id. (emphasis added).)

On July 25, 2014, the Court received the instant Letter Motion (bearing the signature of Attorney Ray and the date of July 24, 2014), which "formally request[ed] an extension of time on behalf of [Plaintiff] . . . ." (Docket Entry 12 at 1.) As grounds for a requested extension of 60 days (impliedly, though not explicitly, to respond to Defendant's Motion to Dismiss), the instant Letter Motion states: "[Plaintiff] hired me to handle a foreclosure matter in state court; however once it was removed to federal court I became no longer able to represent him because I do not have a Federal License to practice law. [Plaintiff] is still searching for a Federal Lawyer to assist him in this case . . . ." (Id.) Plaintiff filed no brief with the instant Letter Motion and Defendant immediately notified the Clerk of its opposition to the requested relief. (See Docket Entries dated July 25, 2014.)

On July 28, 2014, the Court received the instant Motion to Extend Time (Docket Entry 13), which bore the date of July 24, 2014, followed by a signature line over the words "Attorney for Plaintiff" with the type-written signature "(s) Bryan Ray" (id. at 2). According to the instant Motion to Extend Time, "[p]ursuant to Federal Rule of [C]ivil [P]rocedure 6(b), Plaintiff [] by and through counsel moves this [C]ourt for an extension of time of 30

days within which it [sic] may respond to [] Defendant['s] . . . [M]otion to [D]ismiss." (Id. at 1 (emphasis added).)  As support for that request, the instant Motion to Extend Time asserts:

> 1) [] Plaintiff [] hired counsel to represent [Plaintiff] and file an action on behalf of [Plaintiff] in state court, however [] Defendant [] moved the action to [this] [C]ourt on May 15th 2014.
>
> 2) [] Plaintiff's Counsel attorney Bryan Ray has not been admitted to practice law in the Middle District of North Carolina.
>
> 3) [] Plaintiff [] is currently looking for substitute representation that will be able to assist in this matter, and anticipates they [sic] he will be able to acquire said representation within thirty days.
>
> 4) There is currently a Rule 60 motion in reference to File number 09-Sp-840 pending in state court that is scheduled for hearing on August 7th 2014 at 3:15 PM.
>
> 5) No party will be prejudiced by the brief extension requested.

(Id. at 1-2.)

The instant Motion to Extend Time further represents that "Plaintiffs [sic] counsel has had consolation [sic] with [] Defendant's counsel and notes that [] Defendant has been made aware of this [M]otion and is opposed." (Id. at 2.)  Finally, under the heading "**MEMORANDUM OF LAW IN SUPPORT**," the instant Motion to Extend Time states:  "A good cause has been shown for the extension of time requested herein, the time for [] Plaintiff to file its response to [] Defendants [sic] motion shall be extended to August

4

19th 2014." (Id.)  Plaintiff filed no brief with the instant Motion to Extend Time.  (See Docket Entries dated July 28, 2014.)

DISCUSSION

As shown in the Background section, Plaintiff did not seek an extension of time to respond to Defendant's Motion to Dismiss until after the deadline for such response.  Further, Plaintiff did not file a brief with either of his instant Motions belatedly seeking an extension of time.  Under this Court's Local Rules, "[a]ll motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule."  M.D.N.C. LR7.3(a) (emphasis added). The cross-referenced section (j) does not exempt untimely motions for extension of time from the briefing requirement, but instead only relaxes the briefing requirement for motions "for extension of time . . . .[when the] request therefor is made before the expiration of the period originally prescribed or as extended by previous orders[.]"  M.D.N.C. LR7.3(j).  "A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied."  M.D.N.C. LR7.3(k).  The Court sees no reason to refrain from enforcing the summary denial rule in this case.

However, assuming that such reason exists, Plaintiff's instant Motions fail on the merits.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party

5

failed to act because of <u>excusable neglect</u>." Fed. R. Civ. P. 6(b) (emphasis added). The excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). "These include . . . [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." <u>Id.</u>[1] "'Excusable neglect' is not easily demonstrated, nor was it intended to be." <u>Thompson v. E.I. DePont Nemours & Co., Inc.</u>, 76 F.3d 530, 534 (4th Cir. 1996).

For purposes of this discussion, the Court will accept Plaintiff's bald assertion that "[n]o party will be prejudiced by the brief extension requested" (Docket Entry 13 at 2). Similarly, the Court will deem the length of delay by Plaintiff brief and the possible impact of that delay on judicial proceedings minimal (again for purposes of this discussion only).

---

[1] In reviewing these factors, courts must not focus only on the actions (or inaction) of the party, but also "on whether [that party's] attorney, as [the party's] agent, did all he [or she] reasonably could to comply with the [deadline]." <u>Pioneer</u>, 507 U.S. at 396; <u>see also</u> <u>id.</u> at 396-97 (taking note of prior decisions, "[i]n other contexts, . . . [holding] that clients must be held accountable for the acts and omissions of their attorneys" in declaring that, "in determining whether [a party's] failure to [meet a deadline] was excusable, the proper focus is upon whether the neglect of [the party] and [its] counsel was excusable").

6

As to the third factor, i.e., the reason for the delay, see Pioneer, 507 U.S. at 395, Plaintiff has asserted only that Attorney Ray lacked admission to this Court's bar at the time of removal. (See Docket Entry 12 at 1; Docket Entry 13 at 1-2.) Plaintiff, however, has not explained why Attorney Ray could not have secured admission to this Court during the period between the removal date and the deadline for a response to Defendant's Motion to Dismiss (a period of nearly two months).[2] Moreover, Plaintiff has not outlined what efforts he made before the deadline to obtain substitute counsel admitted to this Court. Nor has Plaintiff shown that he lacked the ability to file a timely pro se response. Finally, Plaintiff has not given any reason for the belated nature of his request(s) for an extension of time. The record (summarized in the Background section) makes clear that Attorney Ray remained engaged with Plaintiff's case following removal; yet, even after notice from the Court regarding the absence of a timely response to Defendant's Motion to Dismiss, Attorney Ray waited a week to take any action. Given these considerations, the Court concludes that Plaintiff lacked any viable excuse for the delay and that this factor thus weighs heavily against him.

---

[2] The Court does not impose particularly burdensome admission requirements. See M.D.N.C. LR83.1(b). Moreover, shortly after removal, the Court expressly offered assistance in navigating its procedures to Plaintiff's counsel. (See Docket Entry 8 at 1.)

The fourth factor considers whether Plaintiff acted in good faith. See Pioneer, 507 U.S. at 395. For many of the same reasons cited in connection with the third factor, the Court cannot find that Plaintiff acted in good faith. To the contrary, the Court concludes that the record lacks any indication that Plaintiff took any reasonable steps to attempt to comply with the applicable deadline or to obtain relief from it. In this regard, the Court notes that Defendant served Attorney Ray with its Motion to Dismiss and that he has not contended that either he or Plaintiff lacked knowledge of the response deadline. Consciously ignoring a deadline does not constitute good faith conduct. See United States v. Assorted Firearms, Motorcycles, & Other Personal Prop., No. CV09-1887DOC(MlGx), 2013 WL 812076, at *3 (C.D. Cal. Feb. 21, 2013) (unpublished) (""[T]he respondents here did not act in good faith. They chose to . . . simply ignore the notices provided to them.").

Although the foregoing discussion results in a two-to-two split among the four Pioneer factors, the United States Court of Appeals for the Fourth Circuit has declared that the third Pioneer factor weighs most heavily in the balance. See Thompson, 76 F.3d at 534. Moreover, other courts have recognized that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . where [as here] the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Silivanch v.

8

Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003) (internal brackets and quotation marks omitted). Finally, the Supreme Court has indicated that courts should construe the excusable neglect standard in a fashion that deters "parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve . . . ." Pioneer, 507 U.S. at 395. In light of the foregoing authority, the Court concludes that Plaintiff has failed to show excusable neglect.

Nonetheless, when Defendant filed its Motion to Dismiss and when the response time expired, Plaintiff did not have counsel authorized to represent him in this Court and thus effectively proceeded pro se. See M.D.N.C. LR83.1(c)(1) ("Litigants in civil and criminal actions and parties in bankruptcy proceedings before this Court, except parties appearing pro se, must be represented by at least one attorney who is a member of the bar of this Court."). "[I]n Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), [the Fourth Circuit] held that pro se litigants must be advised of their right to file counteraffidavits or other material in response to motions for dismissal or summary judgment." Saifullah v. Johnson, No. 91-7113, 948 F.2d 1282 (table), 1991 WL 240479, at *1 (4th Cir. Nov. 20, 1991) (unpublished). Given that requirement, the Court will direct the Clerk to send a Roseboro letter directly to Plaintiff and to defer any referral of Defendant's Motion to Dismiss for disposition until Plaintiff has an opportunity to file

9

a pro se response.  See United States v. Clark, No. 93-6986, 27 F.3d 564 (table), 1994 WL 247163, at *2 (4th Cir. June 8, 1994) (unpublished) ("Because the district court failed to give Roseboro notice before granting judgment on the pleadings in favor of the United States, we vacate the order of the district court denying [the pro se defendant's] motion for reconsideration and remand for further proceedings."); see also Dzaringa v. Sears, Roebuck & Co., Civil Action No. DKC 12-1609, 2013 WL 5634346, at *2 n.2 (D. Md. Oct. 15, 2013) (unpublished) ("[The] [p]laintiff acknowledges the untimeliness of his opposition, but contends that he did not receive the letter the Clerk's office sent in accordance with Roseboro, informing him that a dispositive motion had been filed and that he had had seventeen (17) days to respond or risk entry of judgment against him. [The] [p]laintiff's untimeliness will be excused." (internal citation omitted)).

## CONCLUSION

Plaintiff's instant Motions lack merit, but, given that Plaintiff technically lacked counsel in this Court from the time of the filing of Defendant's Motion to Dismiss through the response deadline, it seems prudent to send Plaintiff a Roseboro letter and to permit him an opportunity to file a pro se response.

**IT IS ORDERED** that Plaintiff's Letter Motion (Docket Entry 12) and Plaintiff's Motion to Extend Time (Docket Entry 13) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall update the Docket to reflect that Plaintiff proceeds pro se with a service address of 2012 Sunnybrook Drive, Burlington, North Carolina 27215.[3]

**IT IS FURTHER ORDERED** that the Clerk shall mail Plaintiff a copy of this Memorandum Opinion and Order, as well as a Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), affording him until August 25, 2014, to file a pro se response to Defendant's Motion to Dismiss (Docket Entry 9).

This the 1st day of August, 2014.

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                          **United States Magistrate Judge**

---

[3] The Complaint lists that address as the place where Plaintiff "resides." (Docket Entry 2 at 1.)